**Mario GARCIA GONZALES,
Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney
General, Respondent.**

No. 07–72189.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 13, 2009.*

Filed Nov. 2, 2009.

Mario Garcia Gonzales, Perris, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kurt B. Larson, Esquire, Lisa Marie Arnold, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

MEMORANDUM **

Mario Garcia Gonzales, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the agency's continuous physical presence determination, *Ibarra–Flores v. Gonzales*, 439 F.3d 614, 618 (9th Cir.2006), and we review de novo claims of constitutional violations in immigration proceedings, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the agency's determination that Garcia Gonzales did not meet the continuous physical presence requirement where he testified that he departed the United States for Mexico in 1992 for over one year. *See* 8 U.S.C.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1229b(d)(2) (departure of greater than 90 days breaks continuous physical presence).

Garcia Gonzales' contention that the agency's application of the ten-year continuous physical presence requirement violated his due process rights is unavailing. *See Padilla–Padilla v. Gonzales,* 463 F.3d 972, 978–79 (9th Cir.2006).

We do not consider Garcia Gonzales' contentions regarding hardship and moral character because his failure to establish continuous physical presence is dispositive. *See* 8 U.S.C. § 1229b(b)(1)(A).

**PETITION FOR REVIEW DENIED.**